*W. B. HOLLIDAY, Adm'r, v. ANDREW McMILLAN and others.

*Separate Estate of Married Woman—Counter-claim—Evidence.*

1. Where personal property, the separate estate of a married woman, is sold under execution for a debt of the husband, the purchaser, when sued by the husband after the wife's death, as her administrator, for converting the property by means of such sale, cannot set up as a counter-claim under Bat. Rev., ch. 44, § 26, his claim to be reimbursed the amount of his bid at such execution sale.

2. In an action for such conversion the declarations of the deceased wife relative to the ownership of the property, as a part of and coupled with the *acts* of ownership exercised by her, are admissible in response to an imputation in the answer that she had surrendered such ownership to the husband.

(*Roberts* v. *Roberts*, 85 N. C., 29, cited and approved.)

CIVIL ACTION tried at Fall Term, 1879, of RICHMOND Superior Court, before *Seymour, J.*

Verdict and judgment for plaintiff, and appeal by defendants.

*Mr. John D. Shaw,* for plaintiff.

*Messrs. P. D. Walker, G. V. Strong* and *Mason & Devereux,* for defendants.

SMITH, C. J. This action begun by the intestate wife of the plaintiff in her life time, and since her death prosecuted by him as her administrator, is to subject the defendants to damages for seizing and selling under execution, certain specific articles for the personal debt of the husband.

When the case was here on a former appeal, (79 N. C., 315) it was decided that personal property acquired by a married woman since the adoption of the constitution, whose

---

*ASHE, J., having been of counsel, did not sit on the hearing of this case.

marriage took place before, was and · remained her separate estate, and could not, in an action for its recovery, under a plea of set-off or counter-claim, be appropriated to the payment of her husband's debt.

The answer denies the intestate's right to the goods, and asserts title in the husband, and further asserts a counter-claim for the purchase money paid for them. The statutory remedy upon· an implied warranty of title to property sold under execution as belonging to the debtor, and whose debt has been thereby discharged or reduced, is given against such debtor and authorizes a recovery of an equal amount from him for the reimbursement of the purchaser such sum as he may have paid. It cannot be the basis of any demand against the intestate or against her estate. Bat. Rev., ch. 44, § 26.

2. A more serious question however arises out of the admission of declarations of the intestate in relation to her ownership of the buggy. Generally such evidence is not received to establish a right of property even in connection with the possession as. was determined in *Roberts* v. *Roberts,* 82 N. C., 29. The present case stands on peculiar grounds. With separate estates held by married persons, and the husband's use of that belonging to the wife, the actual possession can seldom be ascertained except under the rule of law that it follows and attaches to the title. It would therefore seem almost unavoidable to admit such declarations made *ante litem,* to explain the quality and nature of the possession. They are received not as proof of ownership, but as an assertion and claim of ownership, and to repel the inference of holding for another, or of a recognition of property in any one else than the declarant. The declaration in this case responds to an imputation made in the answer of an assent to the husband's claim, implied by silence, and her failure to assert her own title. In this point of view the declaration is annexed to and part of an act of ownership

exercised by her over the article and rebuts any presumption of its surrender to her husband. We put the admissibility upon the ground of its association with this fact and the competency of proof of the fact which it explains and qualifies. There is no error, and the judgment must be affirmed.

No error. Affirmed.