CASPER SAIN, Adm'r, v. B. BAILEY and others.

*Executors and Administrators, are liable for funds received in their representative capacity.*

Where one receives money in his capacity as administrator, he cannot with-hold it from the next of kin of his intestate upon the ground that it is not a part of the trust estate.

(*Humble* v. *Mebane*, 89 N. C., 410; *Webster* v. *Laws*, *Ib.*, 224, cited and approved).

CIVIL ACTION tried at Spring Term, 1882, of DAVIE Superior Court, before *Avery*, *J.*

The plaintiff appealed.

*Messrs. Watson & Glenn*, for plaintiff.
*Messrs. J. M. McCorkle* and *D. M. Furches*, for defendants.

SMITH, C. J. The defendant, having administered on the estate of A. C. Holman, instituted proceedings for a settlement against the persons entitled thereto, in the late court of equity of Davie county, and a final decree therein was rendered at spring term, 1860. Two years thereafter certain moneys were paid over to him by Isaac Holman, to whom a receipt was given in these words:

" Received of Isaac Holman, trustee of Lydia Holman, five hundred dollars, principal, and fifty-seven dollars and fifty

cents, which was left in my (his) hands out of the Pinchback estate for Andrew B. Holman's heirs.

B. BAILEY,
Adm'r of A. B. Holman, dec'd.

13th April, 1862.

An additional sum was also paid over to him, and a similar acknowledgment taken, which has been accidentally destroyed, making an aggregate amount of more than one thousand dollars.

In the year 1876 the defendant was removed from office and the plaintiff Casper Sain appointed in his place. The fund derived from the Pinchback estate was collected under a written instrument, without seal, made on December 21st, 1848, by the said Lydia Holman, and annexed as an exhibit, the construction of which as an effectual transfer of the property therein mentioned, or as the constitution of an agency or trusteeship to carry out her benevolent purposes, under specified directions subject to recall and absolutely revoked by her will executed in June, 1857, formed the principal subject of debate of counsel in the hearing before us.

The present suit is prosecuted by the said Sain, as administrator, and the associate plaintiffs, the heirs and next of kin of the intestate Andrew B. Holman, for the recovery of these moneys, and in order thereto for a reference to ascertain what is due.

The answer opposes several defences to this claim, and among others, that the money in the hands of the agent or trustee, who paid it, Isaac Holman, was discharged of all the adherent trusts and the agency revoked by the death of said Lydia and became a part of her estate, held by him, as her executor, he being appointed such, for disposition under the provisions of the will; and it further sets up, as matter in avoidance, that the money has been expended in the support and maintenance of the plaintiffs other than the administrator under the direction and with the approval of their mother and guardian, Sarah B. Holman, to whom he is alone liable to account for the use of the fund.

A single issue was submitted to the jury :   Did the defendant B. Bailey receive into his hands any funds belonging to the estate of A. B. Holman after the spring term, 1860, of the court of equity of Davie county and before this action was brought ?

The plaintiff asked an instruction as follows :   Whether the writing of 1848 vested the estate in remainder in A. B. Holman or not, the defendant having received the money from the trustee and treated it as such, at the time, he cannot now be heard to say that it passed under the will of Lydia Holman to Isaac Holman absolutely, and that if the jury should find that he received the money, they should find for the plaintiffs upon the issue.   The instruction was refused, and under the directions given a verdict was rendered answering the enquiry in the negative.

The proposed instruction, while like the form of the issue, it does not present in very definite and precise terms the underlying proposition of law upon which it depends, does, we think, embody its substance, and that is, the fund having passed into the hands of the defendant, in his capacity as administrator, and upon the trusts involved in its reception, he cannot now withhold it from the next of kin of his intestate upon the ground that it is not a part of the trust estate and belongs to others.

In our opinion this is a correct statement of the law, and the results are not varied by any interpretation which the writing may bear under the provisions of which the fund was collected. If the attaching trusts with the agency itself were recalled by the death of said Lydia, and the property fell into the bulk of the estate of the testatrix, for disposition under its provisions, the executor himself, who in this view should have retained it, has recognized the right of the defendant's intestate, and paid over the money to him.   He therefore cannot withhold it as wrongfully received, when the executor does not require its return, nor, so far as the case discloses, set up any claim to it whatever.   It would be a fraud to permit the defendant to retain property thus acquired from those for whom it was received and appropriate

it to his own use without accountability to any one. The principle of law which controls in such cases is declared and defined with its limitations in the recent cases of *Humble* v. *Mebane*, 89 N. C., 410; *Webster* v. *Laws, Ib.*, 224; *Burke* v. *Turner*, decided at this term, and nothing further is needful to be said.

We do not pass upon other defences, but declare the ruling of the court, in regard to the directions under which the verdict was found, erroneous and entitling the plaintiffs to a new trial, and it is so adjudged. Let this be certified.

Error.                                          *Venire de novo.*