FISHER v. BROWN.

(Filed April 26, 1904).

1. GUARDIAN AND WARD—*Interest—The Code, sec. 3835.*

Where a guardian uses the funds of his ward in his own business, he is chargeable with the highest rate of interest allowed by law.

2. GUARDIAN AND WARD—*Commissions.*

Where a guardian uses funds of his ward, but makes regular annual settlements, charging himself with interest thereon, he is entitled to his commissions.

3. EVIDENCE—*Guardian and Ward—Harmless Error.*

Where a guardian's answer in a suit for an accounting contained an admission that he had used the funds of his ward in his own business and for his own benefit, the introduction of evidence of an admission to the same effect, made by the guardian in a proceeding instituted for his removal, was harmless error.

ACTION by J. V. Fisher against R. A. Brown, heard by *Judge W. H. Neal,* at October Term, 1903, of the Superior Court of CABARRUS County. From a judgment for the plaintiff the defendant appealed.

*Montgomery & Crowell* and *Self & Whitener,* for the plaintiff.

*W. G. Means* and *Pou & Fuller* for the defendant.

MONTGOMERY, J.   The defendant, R. A. Brown, had been removed from the guardianship of Lilly Ury, and this action was then brought by the plaintiff, as the newly appointed guardian, against the defendant R. A. Brown and the other defendants, sureties on his guardian bond, for an account and settlement of the guardianship.   The case was referred to the Clerk of the Superior Court to state the account.   The report of the referee was filed and confirmed by the Court. The first exception of the defendant which we will consider is the one to the receiving by the referee, as evidence, an admission made by the defendant R. A. Brown in the proceeding instituted for his removal as guardian, to the effect that he qualified as guardian of Lilly Ury for the purpose of using the funds belonging to her in his own business, and that he applied the same to his own purposes.   We do not deem it necessary to discuss that exception any further than to say that it was error on the part of the referee to have received that admission in evidence.   In any aspect of the case it is harmless error.   The defendants in their answer in the present case admitted that the defendant R. A. Brown used the guardian funds in his own business and for his own benefit.

The next exception was to a conclusion of law of the referee, and affirmed by the Court, that the defendant R. A. Brown, because of his having used the funds belonging to the estate of his ward in his own business, should be charged with eight per cent. per annum on the fund up to February 21, 1895 (the date of the change of law of interest), and after that time with six per cent. per annum.   The exception cannot be sustained.   The point is expressly decided in

*Carr v. Askew,* 94 N. C., 194. There the defendant guardian had neglected to invest the fund and had applied it to his own purposes, and the Court decided that he should be charged with interest at the highest rate. At that time six per cent. per annum was the general rate, but under section 3835 of The Code as much as eight per cent. interest was allowed to be charged and collected, if there was a special contract in writing signed by the party to be charged therewith, or by his agent to that effect. The referee in that case had made a finding that in Wake County, where the guardian resided, he could have loaned the fund out on proper security at eight per cent. per annum, but that taking into consideration the interval occurring between the taking in and re-loaning of moneys, a continuous rate of seven per cent. per annum would have been the maximum that could have been realized. In that case, on the subject of the rate of interest with which the guardian should have been charged, the Court said: "These exceptions we think cannot be sustained,  &ast;  &ast;  &ast; and for the further reason that the evidence taken by the referee upon that matter varies from six to eight per cent. And we think it was reasonable and just under the proofs that the intermediate sum of seven per cent. should be adopted as the average and maximum of interest with which the defendant should be charged, compounded until the death of his ward in 1883, and with simple interest after that time. As a general rule, when a trustee has not only neglected to invest the fund, but has applied it to his own purposes, as by using it in his trade, he may be charged with interest at the highest rate. Adams Eq., 664. But in this case the defendant had annually made a fair return for thirteen years, and for a good portion of that time charged himself with eight per cent. interest. That is a circumstance which might very properly have been taken into consideration by the referee in exonerating him from being charged with the

highest rate of interest." That language is conclusive that the Court was of opinion that the guardian there would have been chargeable with eight per cent., the special rate allowed by the proviso in section 3835 of The Code, but for the findings of the referee, and that the guardian had charged himself with eight per cent. for a considerable part of the time.

The rate of interest allowed in special contracts under section 3835 is what the Court meant by the *highest rate of interest*.

The only other one of the exceptions of the defendant necessary to be considered was a conclusion of law arrived at by the referee, and affirmed by the Court, that the defendant R. A. Brown, having used his ward's money in his own business, and having never otherwise invested it, should not be allowed commissions on the interest or income from the fund in his hands belonging to the estate of his ward. That exception must be sustained on the authority of *Carr v. Askew, supra*. On a similar exception to the one raised in the case before us the Court there said: "We think this exception should be sustained. It was held by this Court in *Burke v. Turner*, 85 N. C., 500, 'that a guardian is not entitled to commission on money collected and used by him in his own business,' but that was a case where the guardian not only used the money in his own business but was guilty of gross negligence in not making his returns. * * * In this case, although the guardian used the money of his ward for his own purpose, he made his annual returns with strict punctuality and fairness for thirteen years, so that it might be seen at all times for what sum he was liable to his wards, and he and his sureties were perfectly responsible. Although he violated the law, and abused the trust reposed in him by the use of his ward's money, we

FISHER *v.* BROWN.

do not think it was such gross malfeasance as should exclude him from the right to be allowed commissions."

In the case before us, the defendant R. A. Brown, guardian, made regular returns throughout the whole period of his guardianship and charged himself with six per cent. interest. The cases are similar on the point of commissions to be allowed and the exception is sustained.

We have examined the other exceptions of the defendant and we find that they are without merit and ought not to be sustained. The parties to this action can, when the certificate of this opinion is received in the Court below, by consent, have the judgment of the Superior Court modified to the extent of having commissions allowed to the defendant Brown as above set out, to save the trouble and expense of having the matter recommitted to the referee to make the allowance of commissions.

Modified and Affirmed.

CLARK, C. J., concurring. The rule laid down in *Carr v. Askew,* 94 N. C., 194, and reaffirmed in this case, that when a fiduciary has used the trust funds in his own business he is to be charged with the highest rate of interest, unless he is shown to have made more, when he is chargeable with the actual profits made, is based upon the sound reasons given in the opinion of the Court. It is also sustained by the precedents. In the absence of all evidence as to profits, the fiduciary in such cases is chargeable with the highest permissible rate at which he could have loaned the money, and the burden is on him to show that he made less (3 Williams Exrs., 404, 7 Am. Ed., and cases cited), though in all cases when he himself uses the money he is chargeable not less than the ordinary rate of interest, even though he should not have made so much. *Wedderburn v. Wedderburn,* 20 Beavan, 100; *Treves v. Townshend,* 1 Bro. C. C., 384; *Heathcote v. Hulme,* 1 J. & W. Ch., 135, which last

directed "an inquiry whether the account of interest or profits will be most advantageous to the infants." In the English cases three per cent. is taken as the usual and five per cent. as the highest allowable rate (corresponding to the six and eight per cent. under our former statute), and in all cases the fiduciary using trust funds is charged with five per cent. unless his profits therefrom were greater, in which case he is chargeable with them; or unless he shows the profits were less, in which case he is charged therewith, but never less than three per cent., at which it was his duty to have loaned the money. *Lord Cramworth* in *Robinson v. Robinson*, 1 DeG., M. & G., 257. Where the fiduciary does not use the money, but merely fails to loan it or to invest it, he is chargeable only with the ordinary and usual rate of interest, the amount which he should have made for the trust fund if he had not been negligent. *Rocke v. Hart*, 11 Ves., 61. The whole doctrine is summed up and restated as above by *James, L. J.*, in *Vyse v. Foster*, L. R. (1872-3), 8 Ch. App., at page 329, and in 3 Williams Exrs., *ut supra*.

CONNOR, J., concurring. The referee does not find as a fact, nor is there any suggestion, that the guardian could have loaned the money of his ward at eight per cent. interest. I am of the opinion that in the absence of this finding he should not be charged with more than the legal rate of six per cent. In *Carr v. Askew*, 94 N. C., 194, the referee found as a fact that the guardian could, during the period of his guardianship, have loaned the money in Wake County upon safe personal security or real estate mortgage at eight per cent. This finding clearly distinguishes the two cases. In that case the referee also found that, taking into consideration the intervals occurring between the taking in and re-lending of loans, a continuous rate of seven per cent. would have been the maximum that could have been realized. The Court, adopting this conclusion, charged the guardian with

only seven per cent., notwithstanding the fact that he used the money in his own business. In that case the entire sum of $10,000 came into the hand of the guardian from an insurance policy, whereas in this case the guardian entered upon the duties of his office with less than $2,000, and receiving rents, income, etc., in small amounts, has so managed his trust that after educating his ward he has in hand for her $6,000. If he is to be punished for the use of the money in his own business, which was clearly improper, it would seem that, accounting for every cent which came into his hands, with interest for every day, would be a sufficient reminder of the duties which he assumed as guardian. For these reasons we cannot concur in the opinion of the Court by which he is charged with eight per cent. interest.

WALKER, J., concurs in opinion of CONNOR, J.