The following is the case as settled and sent up to this Court by his Honor:
"In this action, Calvin E. Parrish having been heretofore appointed referee and receiver, and his reports, both as referee and receiver, having been separately filed in accordance with an order and rule of this Court at least ten days before the present term; at this term the plaintiff moved, without notice, to review the report of the referee, upon exceptions presented to the Court, and not upon a case made out and settled by the referee. The Court refused to hear the motion to review upon exceptions, without notice given in accordance with Section 247, C. C. P., last clause, p. 91, unless it were upon a case stated upon exceptions, as provided in Secs. 146 and 142, C. C. P. In this connection I would call the attention of the Supreme Court to what I am satisfied is a misprint in Section 242. The words used in that section are `a case or exceptions' and `a case or exception,' both of them evidently designed to have been `a case on
exceptions,' as a reference to the kindred provisions under appeals will disclose.
The plaintiff in this case having given no notice of the motion to review, and failing to submit a case settled by the referee upon exceptions taken before him at the trial as required:
The Court is of opinion that under Section 246, the report of a referee cannot be reviewed except upon a case stated. This section provides that the decision may be excepted to and reviewed in like manner and with like effect, in all respects as in cases of trial by the Courts. This can only be by case stated. This seems (22) to be the more reasonable from the fact that the referee is not required nor expected to report the evidence, nor file any account of the trial had before him, beyond his findings. How then, shall the Court know what was done before the referees, what exceptions taken, what rulings made, what evidence received, except upon a case made up before him? For these reasons the Court refused to hear the exceptions, or allow them to be filed in the cause, and ordered the report of the referee to be confirmed.
From this order the plaintiffs appealed.
The effect of report and mode of review is prescribed in Secs. 246 *Page 30 
and 242, C. C. P. The referee may settle a case or exceptions in like manner as the Judge may do when there has been a trial by the Court or by the jury, Sec. 242.
This power of referee is fully sustained by decisions in Wait's annotated Code, Sec. 268. "When any finding upon a question of fact is sought to be reviewed, the case must contain the evidence bearing upon such question." Hunt v. Bloomer, 12 How., 567; see Wait's Code, judgments reviewed. The precise error must be pointed out, and a statement showing the evidence made by referee.
"In settling a case or exceptions for a review of his decision, the referee is required briefly to specify therein the facts found by him, and his conclusions of law." Wait's Code, Sec. 273, and cases cited.
A special report of the evidence must be obtained from the referee, as the basis of a motion to set aside the report. The affidavit of a party cannot be received in its stead. Belmont v. Smith, 12 N.C. 675.
Where it is desired by a party that particular matters should be passed upon by a court of review, and the report of the referee (23) set aside, because of their allowance, it is not too much to require that he shall, 1st. Bring the attention of the referee specifically to them; 2d. Make it manifest what disposition the referee has in fact made of them, by obtaining from him a specific report on the subject; 3d. Except specifically to the report in those particulars. 24 How. 155.
The Court of Appeals will never accept the report of a referee together with all the evidence taken before him as a substitute for a case.20 N.Y., 519. The only manner of reviewing the final conclusions of a referee is upon a case made in the manner prescribed by the Code. 2 Keves, 657.
One referee being absent when the case is settled, it must be sent back. 14 Abt. 48. A referee may be compelled by mandamus to settle a case and exceptions, and made to settle it correctly. 35 Barb. 105.
There are three modes of trial provided for in the Code.
1. Trial by jury.
2. Trial by the Court.
3. Trial by referees.
The mode of trial by referees is under review in the case before us. If the reference is by consent, then that is the mode of trial selected by theparties, and is a waiver of the right of trial by jury. So that, at no part of the proceedings, is either party entitled, as a matter of right, to have a jury.
The mode of trial by referees is found in Section 246, but it is not *Page 31 
very plain, and is, therefore, the subject of construction. And we feel at liberty — indeed it is a duty — to give it such construction as will best subserve the convenient administration of justice, as doubtless that was the intention. We have enquired of gentlemen of the bar practicing in different circuits, and the practice is not uniform; and the views of his Honor does not precisely accord with ours. It is important that the practice should be settled, and therefore we proceed to declare what it shall be:
1. Notify the parties of the time and place of trial. (24)
2. Examine the evidence and write it down.
3. Find the facts and write them down.
4. Declare the law upon the facts and write it down.
5. If necessary, state an account.
6. Render a decision upon the whole case in writing.
7. If either party take exceptions to any part of the proceedings, put the exceptions down in writing and pass upon them, allowing or disallowing.
8. Send up the whole proceedings to the next term of the Superior Court.
9. In the Superior Court, if there be no exceptions sent up by the referees, the Court will confirm the report, as a matter of course.
10. If the exceptions be sent up, the Judge will review the finding of the referees; and his finding upon the facts will be conclusive, and cannot be appealed from. In which case his finding, both of the facts and the law, must be sent up to this Court. But the testimony of the witnesses, and other evidence, must not be sent up.
11. If no exceptions be taken before the referees, and their report go up without exceptions, and either party desire to except, then and there in term time, he must be permitted to do so. And then his Honor must pass upon them, as if they had been taken before the referee.
And this last is the matter involved in the case before us. The report was sent up by the referees to the Superior Court, without any exception having been taken before the referees; and the plaintiff asked leave to file exceptions in term time; and his Honor refused; first, because they ought to have been filed before the referees; and, secondly, because no notice had been given.
We have said above that exceptions may be taken before the referees, and it is best for some reasons that it should be done. For instance, it calls the alleged error to the attention of the referee, and enables him to correct it, if he should find it to be an error; and thereby saves time, trouble and cost. But on the other hand, (25) *Page 32 
it requires the attendance of counsel before the referee, which may be inconvenient and expensive. So that we hold, that it may be done either before the referees, or before the court after the report is returned, at the option of the parties.
His Honor was of opinion, that not only must the exceptions be taken before the referee, but the referee must make up a case on the exceptions, and send up his case to the Superior Court. He thinks so, because Section 246 provides, that the "decision of the referee may be excepted to and reviewed, in like manner and with like effect in all respects, as in cases of appeal under Section 242, and they may in like manner settle a case or exceptions."
The section referred to, 242, provides that when the trial is by the court, there may be an appeal "in the same manner and with the same effect as upon a trial by jury," and it prescribes how the appeal is to be taken, and the case made up for the Supreme Court. The main object of Section 242 is to declare that the trial by the Court shall not be conclusive; but that just as an appeal lies when the trial is by jury, so an appeal lies when the trial is by the Court. And so, Section 246 provides, that just as trial by jury and trial by the Court are not conclusive, so trial by referees shall not be conclusive, but may be reviewed by the Judge. The section prescribing how an appeal shall be taken, and the details about making up the case for the Appellate Court, is not 242 nor 246, but 301.
But if Section 242 is to the construed as prescribing the details of how the case is to go up from the referees to the Judge, then his Honor is mistaken in supposing that the referees are to make out a case on the exceptions; because what is said in that section, is that "eitherparty may make a case on exception." It is true that in the same section it is also said "that the Judge in settling the case," etc., which shows that the language is inaccurate, caused probably by the fact that the mere manner of making up the case was not the subject of the section, but the right of appeal was. This mistake of his (26) Honor probably led him into the other mistake, of supposing that "case or exceptions" was a misprint for case on exceptions.
We think his Honor was also mistaken in supposing that ten days notice before Court of the intention to file exceptions at Court, was necessary. Of course it was not necessary to give ten days notice of the intention to file exceptions, if his Honor was right in supposing that exceptions could not be filed at all. Why give notice of an act which cannot be done? And yet it is true that Section 247 does provide, that "the report of the referees shall be made to the Clerk, etc., and either party, after ten days notice to the adverse party, may *Page 33 
move the Judge to review such report," etc. But, observe, that this was intended for that state of things provided for by the Code, that the clerk was the Court, and the Court was always open; and but for this provision, the party in whose favor the report was, might move the clerk for its confirmation; and so notice was necessary in order that the case should come before the Judge; but as that is changed, and the report is now made in term time, and must be passed upon by the Judge, and as both parties are present in term time, there is no need of notice.
What has been said is in reference to trial by referees, where the reference is by consent. The practice must be the same in compulsory references, except that when a report is made under a compulsory reference, and exceptions are filed, and issues made by the exceptions, either party has the right to have the issues submitted to a jury, because not having waived a jury trial, as is done when the reference is by consent, the party has a constitutional right to a trial by jury. And so, in a case where the reference is by consent, if issues arise on exceptions which the Judge is unwilling to try himself, he may order a jury to find the issue to aid him; but it is not a right which the party has.
There is error. This will be certified to the end that exceptions may be filed, etc.
PER CURIAM. Judgment reversed.
Cited: Cain v. Nicholson, 77 N.C. 412; Atkinson v. Whitehead,77 N.C. 419; Mizell v. Simmons, 79 N.C. 193; Lawrence v. Hyman,79 N.C. 213; Grant v. Reese, 82 N.C. 74; Barcroft v. Roberts,91 N.C. 366; Barbee v. Green, 92 N.C. 476; Cooper v. Middleton,94 N.C. 93; Carr v. Askew, 94 N.C. 211; Battle v. Mayo,102 N.C. 435; Wilson v. Featherstone, 120 N.C. 447; Chard v. Warren,122 N.C. 79; Holt v. Johnson, 128 N.C. 68; Coleman v. McCullough,190 N.C. 593; Contracting Co. v. Power Co., 195 N.C. 652; In re Parker,209 N.C. 695; Anderson v. McRae, 211 N.C. 199.
(27)