W. H. KEATON ET AL. v. SOPHIA GODFREY.

(Filed 25 February, 1910.)

1. **County Commissioners—Proceedings to Lay off Roads—Appeal, When Taken—Trial de Novo.**

An appeal from the final order of the county commissioners in proceedings to lay off a road carries the whole matter to the Superior Court for trial *de novo*. The appeal is properly taken from the final order of the board confirming the report of the jurors.

2. **County Commissioners—Proceedings to Lay off Roads—Parties Jurors—Disqualifications.**

A petitioner in proceedings to lay off a road is disqualified to act as a juror, being a party to the proceedings; and, when such has been done, it is the duty of the county commissioners to set aside the report and direct the summoning of another jury.

APPEAL from *Ward, J.*, Fall Term, 1909, of PERQUIMANS.

Civil action, tried upon an appeal by the defendant from the order of the county commissioners laying out public road across her lands.

The defendant moved the court to dismiss the report of the jury and to refer the matter to the county commissioners to appoint a new jury to lay off road, for that one of the jury was one of the petitioners. Overruled, and defendant excepted.

The defendant Godfrey then tendered an issue as to whether the proposed road was for the public good and convenience. The court, being of the opinion that the defendant Godfrey, not having appealed from the order to lay off the road, had waived her right to submit said issue, declined to submit said issue. Defendant Godfrey excepted.

The court then submitted the issue as to damages. The court then signed the judgment set out in the record. Defendant excepted, and appealed.

*W. M. Bond* and *P. W. McMullan* for plaintiff.
*Pruden & Pruden, J. S. McNider, Charles Whedbee* for defendant.

BROWN, J.   It has been ruled by this Court that an appeal lies generally from the final order of the county commissioners in a proceeding to lay off a road. When taken, it carries the whole proceeding to the Superior Court for trial *de novo. Lamb v. Love,* 109 N. C., 305. The proper time to appeal is when the commissioners have confirmed the report of the jurors who laid off the road and assessed damages. *Sutphin v. Sparger,* 150 N. C., 518.

The sheriff erred in selecting R. H. Welch, one of the petitioners, as one of the jurors to lay off the road and assess damages. When that fact was made known to the commissioners they should have set aside the report and directed the summoning of another jury.

Welch was practically a party to the proceeding and disqualified to act as a juror in his own case. It is not given to mortals generally to hold the scales of justice with untrembling hand when their own interests are being weighed.

"When self the wavering balance shakes, 'tis rarely right adjusted."

As the case is to be tried *de novo* in the Superior Court, it is not necessary to remand it to the commissioners to correct the error.

New trial.