STATE ex rel. SOLICITOR v. JAMES H. JOHNSON.

(Filed 5 April, 1916.)

**1. Attorneys—Disbursement—Statutes—Courts.**

Chapter 216, Laws 1871, now Revisal, sec. 211, providing that one duly licensed to practice law as an attorney shall not be disbarred or deprived of his license, permanently or temporarily, unless he shall have been convicted or in open court confessed himself guilty of some criminal offense, etc., takes from the court the common-law power to purge the bar of unfit members except in the specified cases, and in those particular instances wherein the court may exercise its inherent powers in the practical and immediate administration of the law.

**2. Statutes—Repealing Acts—Implication.**

A later statute will not be construed to repeal a former one by implication if by any reasonable interpretation the two acts can be reconciled and construed together.

**3. Attorneys—Disbarment—Statutes—Courts—Intoxicating Liquors.**

Construing together chapter 216, Laws 1871, now Revisal, sec. 211, and chapter 941, Laws 1907, it is held that they are consistent and reconcilable with each other, and that the later act makes it imperative that an

attorney convicted of felony be disbarred, and those convicted of the less offense under the former statute may be disbarred if it is found as a fact that the criminal offense, in this case the unlawful selling of intoxicating liquors, is of such character as to render them unfit to practice law.

CRIMINAL ACTION tried before *Daniels, J.,* at January Term, 1916, of CUMBERLAND.

This is a proceeding instituted by the solicitor of the Ninth Judicial District to debar the respondent of his right to practice law. The proceeding was commenced by an affidavit of the solicitor alleging that the respondent, while holding a license to practice law, had in a number of cases, and at different terms of the Superior Court then recently held, been convicted and had confessed guilt on indictment charging him with selling spirituous or vinous liquors.

The respondent filed answer, and, as part thereof, challenged the jurisdiction of the court, and thereupon the following judgment was rendered:

"Upon the petition, affidavit, and answer, the court being of the opinion that under the statutes the court has no power to disbar for the causes set up in the petition and affidavit, the motion of the defendant to dismiss is allowed."

The State and solicitor appealed.

The contention of the respondent is that the act of 1907, ch. 941 (Rev., 211a), repeals the act of 1871 (Rev., 211), and that he cannot be disbarred under the later act because he has not been convicted of a felony, while the State contends that there is no repeal, and that the respondent may be disbarred under the act of 1871 if convicted of any crime, provided the court finds that he is rendered unfit to be trusted in the discharge of the duties of his profession by reason of his conviction.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*No counsel for respondent.*

ALLEN, J. The Revisal of 1905, sec. 211, provides: "No person who shall have been duly licensed to practice law as an attorney shall be debarred or deprived of his license and right so to practice law, either permanently or temporarily, unless he shall have been convicted, or in open court confessed himself guilty, of some criminal offense showing him to be unfit to be trusted in the discharge of the duties of his profession, and unless he shall be debarred according to the provisions of this chapter."

This was brought forward from the act of 1871, ch. 216.

The act of 1907, ch. 941 (Revisal, sec. 211a), in part, provides: "An attorney at law must be debarred and removed for the following causes by the Superior Court: (1) Upon his being convicted of a crime pun-

ishable by imprisonment in the penitentiary." The other provisions of the act of 1907 need not be considered, because not material here.

Before the act of 1871 it was held, in *Moore, ex parte*, 63 N. C., 397, and *Biggs, ex parte*, 64 N. C., 202, that the common-law power of the court could be exerted in the case of an attorney who had shown himself to be an unworthy member of the profession, and it is generally understood that the act of 1871 was passed in consequence of these decisions.

The construction of the act of 1871 is that it "takes from the court this common-law power to purge the bar of unfit members, except in specific cases, and it fails to provide any other power to be used in its place; it is a disabling and not an enabling statute, the whole purpose seeming to be to tie the hands of the court," *Kane v. Haywood*, 66 N. C., 1; but that it does not destroy the inherent powers of the court essential to the administration of justice. *Ex parte Schenck*, 65 N. C., 253; *Kane v. Haywood*, 66 N. C., 1.

The Court said in *Ex Parte Ebbs*, 150 N. C., 44, in reviewing the acts of 1871 and 1907: "We do not entertain any doubt that, notwithstanding the restrictions placed upon the courts by the statute, ample power exists to protect them and their suitors from indignity, fraud, dishonesty, or malpractice on the part of any of its officers in the discharge of their official duties. It is manifest, however, that for the commission of crimes which seriously affect their moral character, but have no direct connection with their practical and immediate relation to the courts, the power to disbar attorneys is restricted by the express language of the statutes to convictions of the class of crimes named in the statutes. To give any other construction to the statute would not only do violence to well settled principles, but might lead to results not contemplated by the Legislature.

"The next step in legislation is the act of 1907, and as the respondent cannot be disbarred under that, as there is no allegation that he has been convicted of a felony, and can be under the act of 1871 if it is in force, having been convicted of a criminal offense, provided it is found as a fact that he is unfit to discharge the duties of his profession, the decision of the appeal depends on the question whether the act of 1907 repeals the act of 1871.

"The later act does not purport to repeal the former, and a repeal by implication will not be adopted if by any reasonable construction the two acts can be reconciled and can stand together.

"Coke says: 'It must be known that forasmuch as acts of Parliament are established with gravity, wisdom, and universal consent of the whole realm for the advancement of the commonwealth, they ought not, by any constrained construction out of the general ambiguous words

of a subsequent act, to be abrogated, but ought to be maintained and supported with a benign and favorable construction.' *Dr. Foster's case,* 11 Rep., 63. Sedgwick thus expresses the same idea: 'In this country it has been said that laws are presumed to be passed with deliberation, and with full knowledge of all existing ones on the same subject; and it is therefore but reasonable to conclude that the Legislature in passing a statute did not intend to interfere with or abrogate any prior law relating to the same matter, unless the repugnancy between the two is irreconcilable, and hence a repeal by implication is not favored; on the contrary, courts are bound to uphold the prior law if the two acts may well subsist together.'

"Potter's Dwarris on Statutes, 156, 157: 'Every effort must be made to make all the acts stand, and the later act will not operate as a repeal of the earlier one if by any reasonable construction they can be reconciled.' "

These quotations from the authorities are taken from the opinion of *Associate Justice Walker* in *S. v. Perkins,* 141 N. C., 800, where they are approved.

Are, then, the two acts irreconcilable? We think not. They deal with different conditions and act upon different persons and serve purposes that are not the same.

The act of 1871 refers to persons convicted of "some criminal offense," and these cannot be disbarred unless the offense is of such character as to show them to be unfit to discharge the duties of their profession, while the act of 1907 deals only with those convicted of felony, and they *must* be disbarred.

When the two acts are read together, they fit into each other and make one harmonious whole, and, so considered, the legislative intent is that attorneys convicted of a felony must be disbarred, and those convicted of a less offense may be, if it is found as a fact that the criminal offense is of such character as to render them unfit to practice law; and this is the clear intimation in *In re Ebbs,* 150 N. C., 44, where the Court says: "It is insisted that, however this may be in regard to the act of 1907, the respondent may be disbarred by the court under the power conferred in section 211, Revisal. It is suggested that this statute is by implication repealed by the act of 1907. We incline to the opinion that the last statute is not in conflict with sections 211 and 212 of the Revisal."

Reversed.