STATE Ex Rel. BOARD OF MEDICAL EXAMINERS AND COMMISSIONER OF PUBLIC WELFARE, PETITIONER, v. ROBERT S. CARROLL, RESPONDENT.

(Filed 10 June, 1927.)

**Physicians and Surgeons—State Board of Medical Examiners—Revocation of License—Procedure—Appeal and Error—Questions for Jury.**

The appeal from the State Board of Medical Examiners allowed to a physician whose license has been revoked for immoral conduct in the

practice of his profession, follows the procedure allowed in analogous cases, and the intent of the Legislature is interpreted to give a trial *de novo* in the Superior Court wherein the jury are to decide upon the evidence adduced before them the facts involved in the issue. C. S., 6618.

APPEAL by Board of Medical Examiners and Commissioner of Public Welfare from *Shaw, J.,* at April Term, 1927, of BUNCOMBE.

Proceeding for the revocation of a physician's license to practice medicine in the State of North Carolina. The charge preferred against the respondent by Mrs. Kate Burr Johnson, State Commissioner of Public Welfare, before the State Board of Medical Examiners was sustained, and the license revoked. On appeal to the Superior Court of Buncombe County, it was held that the respondent was entitled to a trial *de novo,* and to have the issue of fact determined by a jury. From this ruling, the Board of Medical Examiners and the Commissioner of Public Welfare appeal, assigning error.

*Attorney-General Brummitt, Assistant Attorney-General Nash, and Luther Hamilton for appellants.*

*Julius C. Martin, Robert R. Williams, and Mark W. Brown for appellee.*

STACY, C. J. It is the contention of the State Board of Medical Examiners and the Commissioner of Public Welfare that this is neither a criminal prosecution nor a civil action in the common-law sense, but a special proceeding under C. S., 6618, to revoke a physician's license to practice medicine, and that, on appeal to the Superior Court, as allowed by the statute, the respondent is not entitled to a trial by jury. The appeal, therefore, presents for our decision solely a question of procedure, nothing more.

The alleged prematurity of the appeal is pretermitted, as the point raised has not heretofore been decided by us, and it would seem that an expression of opinion would be helpful at this time, a course pursued in a number of cases and permissible under our decisions. *Corp. Com. v. Mfg. Co.,* 185 N. C., 17.

The initial step in the proceeding to revoke the license of respondent to practice medicine in this State was a petition filed by the Commissioner of Public Welfare with the State Board of Medical Examiners on 19 April, 1926, charging that "Doctor Robert S. Carroll has been guilty of 'grossly immoral conduct' with patients and nurses in the Highland Hospital in the city of Asheville, of which he is the owner and medical director," and asking that his license be revoked in accordance with the provisions of section 6618, volume three, of the Consolidated Statutes. Thereafter, on 26 June, 1926, following a full hearing of the case, had

after due notice given the respondent, the State Board of Medical Examiners entered an order revoking Dr. Carroll's license to practice medicine in North Carolina. From this order the respondent appealed to the Superior Court of Buncombe County, under the following provision appearing in the above-mentioned statute: *"Provided further,* that the holder of a license so revoked shall have the right to appeal to the courts; and if action of the board of examiners be reversed, he shall be allowed to retain his license."

At the threshold of the hearing in the Superior Court, the question arose as to how the matter should be tried, whether before the judge alone, upon the evidence taken before the board of medical examiners, or *de novo* before the judge and a jury. The court ruled that the respondent was entitled to a trial *de novo,* and to have the issue of fact determined by a jury. This ruling is challenged by the appeal. Nothing more is presented for our consideration or decision.

Many cases from other jurisdictions are cited in support of the position taken by appellants, and the respondent has likewise called to our attention a number of authorities which seem to support his position. The apparent conflict in the cases, however, becomes less real when it is remembered that the provisions of the several statutes, under which the actions or proceedings arose, are not all alike.

The authorities are unanimous in holding that the question of procedure, such as here presented, is one of statutory construction. If this be the correct view of the matter, and we think it is, then, to all intents and purposes, it would seem that the question has practically been decided in favor of the Court's ruling in *Blair v. Coakley,* 136 N. C., 405, where it was said: "In the absence of any procedure prescribed by statute, we must proceed by analogy to the practice in other like cases, so that the intent and purpose of the Legislature may be effectuated as near as may be, and that the right of appeal may be preserved to the citizen, and at the same time not abused." To like effect is the holding in *Cook v. Vickers,* 141 N. C., 101, where it was said: "Where an appeal is expressly or impliedly given, the courts may look to other general statutes regulating appeals in analogous cases and give them such application as the particular case and the language of the statutes may warrant, keeping in view always the intent of the Legislature."

We conclude that "the right to appeal to the courts," given by C. S., 6618, when exercised, carries the whole proceeding to the Superior Court for trial *de novo,* with the right to have the controverted issues of fact tried before a jury in the usual and customary way. *Keaton v. Godfrey,* 152 N. C., 16; *Corp. Com. v. Mfg. Co.,* 185 N. C., p. 22.

The trial court correctly ruled that the respondent was entitled to have the issue of his guilt or innocence submitted to a jury, agreeable to the

usual course and practice in the Superior Court; and had a jury been empaneled, and a verdict directed in his favor in the absence of evidence to support the charge preferred against him, with a judgment reversing the action of the board of examiners entered thereon, a very serious question would have arisen as to whether the whole matter was not now *res adjudicata.* But as a different course was pursued in the court below—a judgment of reversal being entered on a dismissal of the charge without the aid of a jury—we are constrained to remand the cause for further proceedings, not inconsistent with the conclusions announced herein.

Remanded.