# CHARLESTON.

STATE *v.* RONALD BALL

(No. 6673)

Submitted November 12, 1930.    Decided December 2, 1930.

*C. C. Chambers* and *Fulton & Riddle,* for plaintiff in error. *Howard B. Lee,* Attorney General, *W. Elliott Nefflen,* Assistant Attorney General, *Fleming C. Leftwich* and *Harry Shaffer,* for the State.

LITZ, JUDGE:

The defendant, Ronald Ball, was tried, convicted and sentenced to the penitentiary for ten years upon an indictment charging him with breaking and entering a garage building in Boone County, belonging to Clyde Dolin and Claude Dolin, with intent to commit larceny in violation of section 13, chapter 145, Code 1923.

The grounds of error are (1) that the verdict is not supported by the evidence; (2) that there is a variance between the indictment and the proof; (3) that improper evidence was admitted on behalf of the state; (4) that proper evidence offered by the defendant was refused; (5) that the state's instruction No. 2 was improperly granted; and (6) that instructions Nos. 4 and 6 tendered by the defendant were improperly rejected.

The evidence is circumstantial. On the night of June 8, 1929, a one story frame building in Boone County, owned and used as a public garage by Clyde and Claude Dolin, was broken into through a rear window and one new Willard automobile storage battery, along with other accessories, taken therefrom. Upon discovery of the crime early the following morning, tracks of a person wearing shoes or boots were found in the earth leading to the window through which the entrance was made. The imprints of the right heel were marked by four protruding spikes or nails. A member of the Department of Public Safety searched the home of the defendant two or three days later, finding an old pair of shoes. The heel of the right one, from which four nails protruded, produced an imprint in the earth similar to the peculiar heel imprints which had been observed at the garage. At the time of his arrest, two weeks after the crime, the same shoes and a 1929 Willard automobile storage battery (in use) of the type missing from the garage were found in a 1926 Ford touring automobile belonging to defendant. He told the arresting officers that he had bought

the battery with the car in November, 1926, when, in fact, as hereafter stated, it had not been manufactured until 1929. The stolen battery was purchased by Dolins from Fitch & Dodge of Charleston, distributors of Willard automobile storage batteries for Boone County, and was the only one of the particular type they had sold in that County. The date of its manufacture, February, 1929, was indicated by the letters KB, K signifying the year and B the month. The letters indicating the date of manufacture on the battery found in the defendant's possession, had been defaced, but the letter K was yet distinguishable by the use of a magnifying glass. There was evidence of defendant's presence in the immediate vicinity of the garage at a late hour of the night of the breaking and entering, and of other circumstances relied on by the state as tending to establish his guilt.

The defendant, in addition to denying the charge, offered evidence of an alibi and of the further fact that his automobile was not in running order at the time the crime was committed. This Court does not feel itself warranted in holding, after a thorough consideration of the evidence, that it does not sustain the finding of the jury.

The second point of error is based upon the claim that the evidence fails to show that the garage building was not a dwelling house or outhouse adjoining thereto or occupied therewith, as charged in the indictment. It is shown that the building faces the public road, that there is no structure between it and the river to the rear, and that dwellings are located at short distances from either side. This is sufficient proof in our opinion of the averment in question.

We find no error in the rulings of the trial court admitting or rejecting evidence. Moreover, the defendant has waived his right to rely upon such rulings, if erroneous, by failing to specify the same as grounds for a new trial or to incorporate them into special bill or bills of exception.

State's instruction No. 2, objected to as stating a mere abstract rule of law, told the jury that while the possession of stolen goods is not prima facie evidence, that the possessor is the thief, it is nevertheless a circumstance to be considered by them with other evidence tending to establish the fact. A

similar instruction stating the rule conversely was granted on behalf of the defendant. Instruction No. 4, tendered by the defendant, would have directed the jury to acquit the defendant unless they believed beyond a reasonable doubt that he broke and entered the garage and stole therefrom the missing battery. Instruction No. 6 requested by the defendant would also have told the jury to acquit him unless they believed that he broke and entered the garage, notwithstanding the evidence may prove beyond a reasonable doubt that he received the battery from parties unknown with knowledge that it had been stolen. Instruction No. 4 is faulty because the breaking and entering with intent to commit larceny complete the offense. Instruction No. 6 is also defective if for no other reason than that the evidence does not raise the issue of whether the defendant received the stolen battery from some one else.

Finding no error in the record, we affirm the judgment of the lower court.

*Affirmed.*