STATE ON RELATION OF THE BOARD OF MEDICAL EXAMINERS OF THE STATE OF NORTH CAROLINA v. GARRETT D. GARDNER.

(Filed 15 June, 1931.)

1. **Physicians and Surgeons A d—Board of Medical Examiners may revoke license for unprofessional conduct in violating Narcotic Act.**

    Where the State Board of Medical Examiners has revoked the license of a physician on the ground that he had been guilty of unprofessional conduct in that he had violated the Harrison Narcotic Act, a Federal statute: *Held*, while the board does not have the power to revoke a license on the sole ground that the holder thereof has been convicted of the violation of a criminal statute in force in the State or in the United States, C. S., 6618, and while C. S., 6683, does not empower the board to revoke a license on the ground of its violation, its provision for the revocation of licenses upon its violation being a part of the punishment prescribed therein, the board has the power to revoke a license upon a finding that the holder thereof was guilty of unprofessional conduct in that he had violated the provisions of the act.

2. **Physicians and Surgeons A e—Respondent is entitled to trial de novo upon appeal to Superior Court from order revoking license.**

    Where upon appeal from the order of the board of medical examiners revoking the license of a physician upon the ground that he had been guilty of unprofessional conduct in that he had violated the Harrison Narcotic Act, the physician denies that he had been guilty of unprofessional conduct and denies that he had violated the statute: *Held*, he is entitled to trial *de novo* by jury of the controverted facts, upon the question of his guilt or innocence of the offense charged, and the submission of the sole issue as to whether he had been convicted in the Federal Court of violating the act is error entitling him to a new trial. C. S., 6618.

APPEALS by both plaintiff and defendant from *McElroy, J.*, at January Term, 1931, of BUNCOMBE. Error in appeal of plaintiff; new trial in appeal of defendant.

This is a proceeding authorized by statute (C. S., 6618), for the revocation of a license, issued to respondent by the Board of Medical Examiners of the State of North Carolina, to practice medicine and surgery in this State. C. S., 6613 or C. S., 6617.

An order to show cause why the license should not be revoked was duly served on respondent.

At the hearing, pursuant to said order, upon its finding that respondent had been guilty of unprofessional conduct, as a physician and surgeon, in that he had violated the provisions of the act of Congress, known as The Harrison Narcotic Act, as shown by the record of his conviction in the United States District Court for the Western District of North Carolina, Asheville Division, on an indictment pending in said Court, it was ordered by the Board of Medical Examiners of the State of North Carolina that license No. 1926 issued to respondent by said board on 16 June, 1908, be and the same was revoked.

From this order respondent appealed to the Superior Court of Buncombe County, as authorized by statute, C. S., 6618. Upon the trial of said appeal, an issue was submitted to the jury, subject to the exception of the respondent, as follows:

"Was the respondent, Garrett D. Gardner, convicted in the United States District Court for the Western District of North Carolina, Asheville Division, on a bill of indictment charging him with a violation of the provisions of The Harrison Narcotic Act, as set forth in the judgment of the Board of Medical Examiners of the State of North Carolina?"

Respondent excepted to the refusal of the court to submit to the jury an issue tendered by him, as follows:

"Was the defendant guilty of the offense charged in said bill of indictment?"

At the trial the court admitted as evidence a certified copy of the bill of indictment and of the proceedings thereon in the United States District Court for the Western District of North Carolina, Asheville Division, showing the conviction of the respondent on said indictment, charging respondent with the unlawful possession and sale of 823 grains of morphine hydrochloride, and the judgment of said court that respondent be confined in the Federal Prison at Atlanta, Ga., for the term of one year and a day. Respondent objected to the admission of this evidence and excepted to the overruling of his objection by the court.

The issue submitted to the jury was answered, "Yes."

Upon the return of the verdict, the respondent moved for judgment, *non obstante veredicto,* reversing the order of the Board of Medical Examiners of the State of North Carolina, and reinstating license No. 1926 heretofore issued by said board to respondent to practice medicine

and surgery in this State. This motion was allowed, and plaintiff excepted.

From judgment that the order of the Board of Medical Examiners of the State of North Carolina in this proceeding be revoked, set aside and vacated, and that license No. 1926, heretofore issued by said board to respondent to practice medicine and surgery in this State be reinstated, the plaintiff appealed to the Supreme Court.

The respondent also appealed to the Supreme Court for the purpose of preserving his right to have his exceptions taken at the trial reviewed and passed upon by said Court.

*Alfred S. Barnard for plaintiff.*
*Don C. Young, Anderson & Howell and Carter & Carter for respondent.*

CONNOR, J. It is provided by statute in this State that if any person shall practice medicine or surgery therein without being duly licensed so to do, as provided by law, he shall not be allowed to maintain an action to collect any fee for services, and upon his conviction, he shall be fined not less than $50, nor more than $100, or imprisoned at the discretion of the court for each and every offense. C. S., 6622.

The Board of Medical Examiners of the State of North Carolina, provided for by statute (C. S., 6606) is authorized and in proper cases is required to examine all applicants for license to practice medicine and surgery in this State. C. S., 6613. Each applicant for such license must be not less than twenty-one years of age, and of good moral character. C. S., 6615. The subjects on which applicants for such license shall be examined by said board are prescribed by statute. "If on such examination the applicant is found competent, the board shall grant him a license authorizing him to practice medicine or surgery, or any of the branches thereof." C. S., 6613.

It is further provided by statute that the Board of Medical Examiners shall have power to rescind or revoke any license granted by the said board. The statute is as follows:

"C. S., 6618. The board shall have the power to rescind any license granted by it when upon satisfactory proof it shall appear that any physician thus licensed has been guilty of grossly immoral conduct, or who has been guilty of producing or attempting to produce criminal abortion, or who by false or fraudulent representation has obtained or attempted to obtain practice in his profession, or who is habitually addicted to the use of morphine, cocaine, or other narcotic drugs, or who has by false or fraudulent representations of his professional skill obtained or attempted to obtain money or anything of value, or who has advertised or held himself out professionally under a name other than his own, or who shall advertise or profess publicly to treat human ail-

ments under a system or school of treatment or practice other than that for which he holds a license, or who is guilty of any wilful violation of the rules and regulations of the State Board of Medical Examiners, or who is guilty of any fraud or deceit by which he was admitted to practice or who has been guilty of any other unprofessional or dishonorable conduct. For any of the above reasons, the Board of Medical Examiners may refuse to issue a license to an applicant; provided, that no license or certificate shall be revoked until the holder thereof, after due notice being given, shall have a hearing before the State Board of Medical Examiners; *provided further,* that the holder of a license so revoked shall have the right to appeal to the courts; and if the action of the Board of Examiners be reversed, he shall be allowed to retain his license; *provided further,* that the Board of Medical Examiners, in its discretion, may restore said license upon due notice being given and hearing had, and satisfactory evidence produced of proper reformation of the licentiate, before restoration."

It should be noted that the Board of Medical Examiners has no power, under this statute, to rescind or revoke a license to practice medicine or surgery, issued by said board, on the sole ground that the holder of the license has been convicted in a court, State or Federal, of a violation of a criminal statute in force in said State or in the United States. In that respect, this statute differs from the statute, now in force, authorizing the disbarment of an attorney at law. C. S., 205. The latter statute was amended after the decision of this Court, in *In re Ebbs,* 150 N. C., 44, 63 S. E., 190. In that case it was held that under the statute then in force relative to the disbarment of an attorney at law, the courts of this State had no power to disbar an attorney at law, on the ground that he had been convicted of forgery, in violation of a Federal statute, in a District Court of the United States. It was suggested in the opinion of the Court that the General Assembly, if it saw fit so to do, might amend the statute, and thus provide for the disbarment of an attorney at law, licensed to practice his profession in this State, upon his conviction in a Federal Court, of a violation of a Federal statute, where such conviction showed that he was unfit to be trusted in the performance of the duties of his profession. The statute was subsequently amended, doubtless in consequence of this suggestion. Chapter 134, Public Laws 1927.

We have a statute providing that the license of a physician who has been convicted of a violation of the statutes of this State, relative to the prescription, sale or possession of cocaine, alpha or beta cocaine, novocaine, opium, morphine, heroin, their salts or compounds, shall be revoked. Such revocation, however, is part of the punishment prescribed by the statute for its violation, which is made a misdemeanor, and is included in the judgment of the court, in which the physician is tried

and convicted. C. S., 6683. This statute confers no power on the Board of Medical Examiners to revoke the license of a physician who has been convicted of its violation. The board is established, by statute, not for the purpose of enforcing the criminal laws of this State, but for the sole purpose of regulating the practice of medicine and surgery therein. C. S., 6606. Such regulation is for the purpose of maintaining a high standard of professional character and conduct among physicians and surgeons practicing in this State, as well as for the protection of the public.

In the instant case, the order of the Board of Medical Examiners, revoking the license of the respondent to practice his profession in this State, was made on its finding that respondent had been guilty of unprofessional conduct, as a physician and surgeon, in that he had violated the provisions of the Harrison Narcotic Act, a Federal statute, as shown by the record of his conviction in the United States District Court for the Western District of North Carolina, Asheville Division. This was a sufficient finding, under the express language of the statute, to support the order of the board, revoking the license of the respondent to practice medicine and surgery in this State. The finding was that the respondent had been guilty of unprofessional conduct, as specified by the board, which "consists of seven regularly graduated physicians." C. S., 6606. The power to determine whether or not the conduct of the respondent was unprofessional, is conferred, primarily, on the Board of Medical Examiners.

The conviction of a physician and surgeon duly licensed to practice his profession in this State, of the violation of a statute, whether Federal or State, is not sufficient alone for the revocation of his license by the Board of Medical Examiners. Where, however, the Board of Medical Examiners finds that the violation of such statute, under all the facts and circumstances shown by the evidence at the hearing by said board, constitutes unprofessional conduct, said board has the power, under the statute, to revoke the license. This is true, in the instant case, although the validity of the Harrison Narcotic Act was sustained by the Supreme Court of the United States, for the reason that it is a Revenue Act. In *United States v. Jin Fuey Moy,* 60 L. Ed., 1061, *Justice Holmes* says: "It may be assumed that the statute has a moral end as well as revenue in view, but we are of opinion that the District Court, in treating those ends as to be reached only through a revenue measure, and within the limits of a revenue measure, was right."

The respondent in the instant case denied that he had been guilty of unprofessional conduct; he also denied that he had violated the provisions of the Harrison Narcotic Act. On his appeal to the Superior Court of Buncombe County, he was entitled to a trial *de novo* by a jury of the controverted issue of fact. He was entitled to have an issue

involving his guilt or innocence submitted to the jury, and tried according to the usual course and practice in the Superior Court. This right is expressly conferred by the statute as interpreted and construed in *S. v. Carroll,* 194 N. C., 37, 138 S. E., 339.

The issue submitted to the jury at the trial in the Superior Court, and answered in the affirmative, was not determinative of the validity of the order made in this proceeding by the Board of Medical Examiners. The order was not made upon the ground that respondent had been convicted in the District Court of a violation of the Harrison Narcotic Act. It was made upon the finding by the board that respondent had been guilty of unprofessional conduct. The respondent by his appeal challenges this finding, and was entitled to have an issue submitted to the jury involving this controverted fact. No judgment can be rendered in this proceeding by the Superior Court until an issue involving this controverted fact has been answered by the jury.

There was error in the judgment reversing, setting aside and vacating the order of the Board of Medical Examiners in this proceeding.

The respondent is entitled to a new trial, at which an appropriate issue involving his guilt or innocence of the charge that he has been guilty of unprofessional conduct, as specified by the Board of Medical Examiners, should be submitted to the jury.

The burden will be on the relator to show by competent evidence that the respondent has been guilty of unprofessional conduct, in that he violated the provisions of the Harrison Narcotic Act, under facts and circumstances that show him to be unworthy of a license to practice medicine and surgery in this State.

Error in plaintiff's appeal.

New trial in respondent's appeal.