E. A. HOLLAND ET AL. V. H. L. DULIN ET AL.

(Filed 21 March, 1934.)

**1. Bills and Notes C a—Pledgee of note after maturity held not a holder in due course.**

The beneficiary in a deed of trust was indebted to a corporation and executed his note for the sum to the corporation and gave as collateral security the deed of trust and the note secured by same. Upon being pressed for payment by the corporation he borrowed a sum of money from an officer of the corporation and paid the debt to the corporation, and received his canceled note from the corporation, and executed a new note to the officer of the corporation for the amount borrowed and gave the officer of the corporation certain collateral security including the note secured by the deed of trust, which at the time it was pledged anew to the officer of the corporation was past due. Thereafter the officer of the corporation, acting in behalf of the corporation, wrote the borrower congratulating him upon full payment of the sum owed the corporation: *Held,* the note to the corporation was paid and discharged and the officer of the corporation cannot successfully maintain that he was a holder in due course of the note secured by the deed of trust, he having acquired same after maturity.

**2. Contracts B a—**

The construction given a contract by the parties thereto before differences arise as to its meaning will be considered by the courts in interpreting the contract.

**3. Appeal and Error B b: K f—**

The appellant will not be allowed to change the theory of trial upon appeal from that upon which the case was tried in the lower court, nor will such change be allowed upon a petition to rehear.

PETITION by defendants to rehear this case, reported in 205 N. C., 202, 170 S. E., 784.

The facts are these:

1. On 16 August, 1921, S. M. Holland purchased from W. B. Fisher and wife two tracts of land in Cherokee County, giving notes due one,

two and three years after date for part of the purchase price and securing said notes by deeds of trust to T. J. Hill, trustee, on the lands purchased.

2. These purchase-money notes were hypothecated with the Anderson-Dulin-Varnell Company of Knoxville, Tenn., to secure a large indebtedness which Fisher owed to said company.

3. Thereafter, on 5 December, 1923, S. M. Holland and wife reconveyed the two tracts of land above mentioned to W. B. Fisher and wife in full settlement of the purchase indebtedness then outstanding against said lands. This deed was registered 23 March, 1925.

4. The original notes and deeds of trust were not delivered up and surrendered to S. M. Holland and wife for the reason that they were then held by Anderson-Dulin-Varnell Company as collateral security.

5. On 29 December, 1925, Fisher's indebtedness to Anderson-Dulin-Varnell Company had been reduced to $2,518.28, and they were pressing for payment. On that date, W. B. Fisher borrowed from H. L. Dulin enough money to pay his indebtedness to the Anderson-Dulin-Varnell Company, executing his note to H. L. Dulin in the sum of $2,766.70, and securing the same by collateral and taking from Dulin receipt for said collateral which included the notes and deeds of trust executed by S. M. Holland and wife mentioned in paragraph 1 above and other collateral not held by the corporation. In a letter to Fisher, dated 31 December, 1925, Dulin, writing on behalf of the corporation, said: "It has been very gratifying to us and we know it must be gratifying to you, that when you were here this week you were in a position to settle everything owing to Anderson-Dulin-Varnell Company with interest on all past due business and your account was closed up in full and in a very, very satisfactory way."

6. Thereafter, the lands in question were divided into lots, and, beginning in 1927, various conveyances were executed by W. B. Fisher and wife to the plaintiffs in this action for different portions of the tracts covered by the deeds of trust of S. M. Holland and wife. Moneys have been borrowed on other portions and secured by deeds of trust to some of the plaintiffs.

7. In 1932, Dulin caused T. J. Hill, trustee, to advertise the lands for sale under the powers contained in the Holland deeds of trust, and this action was instituted to enjoin the sales and to have the said deeds of trust removed as clouds on plaintiffs' titles.

The jury found, upon issue submitted, that the Holland notes were paid and extinguished by the reconveyance mentioned in paragraph 3 above, and, upon peremptory instruction, answered that H. L. Dulin was not a holder in due course of the Holland notes.

Judgment on the verdict, from which the defendants appeal, assigning errors.

HOLLAND *v.* DULIN.

*Harkins, Van Winkle & Walton and Gray & Christopher* for plaintiffs.
*H. A. Tapp and Alfred S. Barnard* for defendants.

STACY, C. J. It is the contention of H. L. Dulin that he stands in the shoes of Anderson-Dulin-Varnell Company with respect to the Holland notes and deeds of trust, because the money loaned by him to Fisher on 29 December, 1925, was advanced to take up the note held by the corporation; that the collateral transferred to him was a continuing security for the original indebtedness; and that the note executed to him was but an evidence of the original debt.

But the note held by Anderson-Dulin-Varnell Company was not transferred or assigned to Dulin. This obligation was canceled, and Fisher executed a new note direct to Dulin for an amount in excess of the corporation's debt. Dulin in turn gave Fisher a written receipt for the collateral "received of W. B. Fisher," which was more than that originally held by the corporation, additional collateral having been demanded and put up. "Mr. Degroat brought the collateral (held by the corporation) there and handed it to me (Fisher testifying) and I handed it to Mr. Dulin after a receipt was given." The Holland notes were past due and paid at this time. In no view of the written evidence in the case can Dulin maintain the position of a holder in due course of the Holland notes. He took them after maturity, and, therefore, subject to the equities of the plaintiffs. *Barnes v. Crawford,* 201 N. C., 434, 160 S. E., 464; *Sykes v. Everett,* 167 N. C., 600, 83 S. E., 585; *Bank v. Loughran,* 126 N. C., 814, 36 S. E., 281.

The case turns on what took place between Dulin and Fisher on 29 December, 1925. It nowhere appears from the record that Anderson-Dulin-Varnell Company was a party to the agreement of this date. Fisher's indebtedness to the corporation was paid, his note canceled and delivered up, together with the collateral held as security; the corporation had no further interest in the matter. Fisher pledged the collateral anew to Dulin, with other security not held by the corporation, to secure the payment of the note given to him. Two days later, Dulin wrote Fisher on behalf of the corporation and expressed gratification over the fact "that when you were here this week you were in position to settle everything owing to Anderson-Dulin-Varnell Company with interest on all past due business and your account was closed up in full and in a very, very satisfactory way." This was Dulin's understanding of the transaction at the time. It accords with Fisher's understanding now. *Cole v. Fibre Co.,* 200 N. C., 484, 157 S. E., 857.

"Parties are far less liable to have been mistaken as to the meaning of their contract during the period while harmonious and practical construction reflects that intention, than they are when subsequent differ-

ences have impelled them to resort to law, and one of them then seeks a construction at variance with the practical construction they have placed upon it of what was intended by its provisions." 6 R. C. L., 853.

The case of *Smith v. Godwin,* 145 N. C., 242, 58 S. E., 1089, cited and relied upon by petitioners, is easily distinguishable. It is not an authority for the position urged.

In the petition to rehear, the defendants for the first time suggest that under the equitable doctrine of subrogation, they are entitled to succeed to the rights of the creditor corporation in the securities held by it, as the money advanced by Dulin was used to pay Fisher's debt, and cite in support thereof *Liles v. Rogers,* 113 N. C., 197, 18 S. E., 104, *Bank v. Bank,* 158 N. C., 238, 73 S. E., 157, *Grantham v. Nunn,* 187 N. C., 394, 121 S. E., 662. This is an afterthought and a shift in position. In the original brief, Dulin contended "that he was a holder in due course of the Holland notes by reason of a tri-lateral contract between himself, Anderson-Dulin-Varnell Company and W. B. Fisher, under the terms of which, and to which all parties assented at the time, the notes were delivered to him by Anderson-Dulin-Varnell Company, who held the same as a purchaser in due course." On this theory the case was heard and determined in the court below and on appeal.

A party is not permitted to try his case in the Superior Court and then ask the Supreme Court to hear it on another and different theory. *Shipp v. Stage Lines,* 192 N. C., 475, 135 S. E., 339; *Walker v. Burt,* 182 N. C., 325, 109 S. E., 43. *A fortiori,* the change will not be permitted between the decision here and a petition to rehear. *Jolley v. Telegraph Co.,* 205 N. C., 108, 170 S. E., 145; Rule 44, Rules of Practice in the Supreme Court, 200 N. C., 838. The case was correctly decided on the record as presented.

Petition dismissed.