IN RE DISBARMENT OF JAMES D. PARKER.

(Filed 18 March, 1936.)

**1. Appeal and Error A e—**

Where an appeal can be decided on either of two grounds, one involving a constitutional question, and the other a question of lesser moment, the latter alone will be decided.

**2. Appeal and Error E h—**

Matters not determined in the Superior Court or continued therein without prejudice are not presented for determination upon appeal and will not be discussed or considered.

**3. Appeal and Error B b—**

An appeal *ex necessitate* follows the theory of the trial.

**4. Attorney and Client E c—Judgment of disbarment in proceedings under statutory method held erroneous upon the record in this case.**

The statutory disbarment proceedings in this case were prosecuted on the theory of professional misconduct as an attorney on the part of the respondent, and were based upon a civil action in which judgment was recovered against respondent, in his capacity as executor, and against the surety on his bond, for matters transpiring prior to the enactment of ch. 210, Public Laws of 1933, under which the proceedings were instituted. *Held:* The verdict and findings that respondent was guilty of misappropriation of funds coming into his hands as an attorney are not supported by the record tending to establish such misappropriation in his capacity as executor, and respondent's motion for a directed verdict should have been allowed and his exception to the refusal of the Council of the Bar to grant his motion to nonsuit should have been sustained.

DEVIN, J., concurs in the result.

APPEAL by respondent, James D. Parker, from *Small, J.,* at April Term, 1935, of JOHNSTON.

Disbarment proceeding instituted 2 July, 1934, by The North Carolina State Bar, under authority of ch. 210, Public Laws 1933, on allegations substantially as follows:

1. That complaint against respondent has been filed with the Grievance Committee of the State Bar, and report thereon recommending investigation and hearing.

2. That the charges are based upon the case of "State *ex rel.* W. Lester Langdon, Administrator *c. t. a., v.* James D. Parker and Ezra Parker, Executors and Trustees Under the Will of Willis Calvin Lassiter," which action was tried at the March Term, 1933, Johnston Superior Court, resulting in verdict "that the respondent, while acting as executor, did fail to faithfully execute the trust reposed in him as executor," etc., to

the damage of said estate in the sum of $10,633.52. Judgment was thereupon entered against the defendants and their surety, Massachusetts Bonding and Insurance Company, for said amount and costs.

3. That upon said information and belief, it is averred, respondent, while acting as one of the executors and trustees of said estate, wrongfully converted said sum to his own use and benefit, and has failed properly to account therefor.

4. That it is further alleged, upon such information and belief, respondent not only acted as one of the executors and trustees of said estate, but also represented said estate in the capacity of attorney, and has been guilty of unprofessional conduct in connection therewith.

Whereupon, a trial committee was appointed to hear the evidence, find the facts, and report its conclusions thereon.

At the opening of the hearing before the trial committee, the respondent demurred (1) to the jurisdiction of the committee, and (2) to the applicability of ch. 210, Public Laws 1933, to acts committed prior to 1 July, 1933, its effective date. Demurrer overruled; exception.

The Trial Committee found (one member dissenting) that the misconduct of the respondent was that of an executor, and not as attorney for the estate, and recommended the proceeding be dismissed.

On appeal to the Council of The North Carolina State Bar, the findings and conclusions of the Trial Committee were reversed, contrary findings made, and disbarment ordered.

Respondent filed exceptions to said findings and judgment, and gave notice of appeal to the Superior Court of Johnston County.

The complainant then amended its complaint and charged the respondent with the wrongful conversion of funds, in the amount above mentioned, belonging to the estate of W. C. Lassiter, deceased.

Before the judge of the Superior Court, the respondent demanded a jury trial, which was denied as a matter of right, but allowed as a matter of grace.

The jury returned the following directed verdict:

"Did the respondent collect as an attorney moneys of the estate of W. C. Lassiter and retain the same without *bona fide* claim thereto, as alleged in the rule to show cause? A. 'Yes.' "

Respondent challenged the sufficiency of the evidence by motion for directed verdict in his favor. Overruled; exception.

The respondent renewed his demurrer before the judge of the Superior Court, which was overruled; his exceptions were likewise overruled; the findings and conclusions of the Council adopted and approved, and the motion to disbar by virtue of the court's inherent power was continued without prejudice.

From the judgment of disbarment entered upon the findings and conclusions of the Council, adopted and approved by the judge of the Superior Court, and the jury's verdict, the respondent appeals, assigning errors.

*F. Ertel Carlyle, Varser, McIntyre & Henry for North Carolina State Bar.*

*G. A. Martin, James A. Wellons, and J. Ira Lee for respondent.*

Stacy, C. J. The plea to the jurisdiction brings in question the power and authority of the Council of the North Carolina State Bar to disbar the respondent, and to take from him his license and right to practice law in this State.

The basis of respondent's challenge is fourfold:

1. It is pointed out that by the express terms of the statute, ch. 210, Public Laws 1933, The North Carolina State Bar is created "an agency of the State of North Carolina," with its government vested in a "Council" of 20 members, one from each judicial district, yet "neither a councillor nor any officer of the Council, or of The North Carolina State Bar, shall be deemed as such to be a public officer as that phrase is used in the Constitution and laws of the State of North Carolina." This last limitation, it is contended, deprives the "Council" of any judicial or *quasi*-judicial powers. *Ex parte Schenck,* 65 N. C., 353; *S. v. Johnson,* 171 N. C., 799, 88 S. E., 437; *S. v. Kiker,* 261 Pac. (N. Mex.), 816.

2. It is also advanced by the respondent that the act contains an unwarranted delegation of legislative powers over the subject of discipline, disbarment, and restoration of attorneys practicing law in the State. *Provision Co. v. Daves,* 190 N. C., 7, 128 S. E., 593.

3. It is next suggested that the right of trial by jury, vouchsafed in the Bill of Rights, sec. 19, is denied in disbarment proceedings. *Ex parte Thompson,* 152 So. (Ala.), 229. True, an appeal may be taken from any judgment of suspension or disbarment "to the Superior Court judge regularly holding the courts of the county . . . on the record made before the Council," and "upon appeal to the judge of the Superior Court, the accused shall have the right to have his cause heard by a jury," but it is further provided that in hearings before the Council (or Committee), "and in all appeals the procedure shall conform as near as may be to the procedure now provided by law for hearings upon the report of referees in references by consent."

It is well settled that, in consent references, the parties waive the right to have any of the issues of fact passed upon by a jury. C. S., 572; *Carr v. Askew,* 94 N. C., 194; *Green v. Castlebury,* 70 N. C., 20.

Compare 3 C. S., 6618; *Board of Medical Examiners v. Gardner,* 201 N. C., 123, 159 S. E., 8; *S. v. Carroll,* 194 N. C., 37, 138 S. E., 339.

4. Finally, the respondent says his right of appeal to the Supreme Court is left in doubt by the statute: "From the decision of the Superior Court judge hearing the appeal, or the jury, the Council (or Committee) and the accused attorney shall each have the right of appeal to the Supreme Court of North Carolina." Appeals to the Supreme Court are taken only from the Superior Court. *Rhyne v. Lipscombe,* 122 N. C., 650, 29 S. E., 57.

It must be conceded that the plea to the jurisdiction presents a grave and serious constitutional question. However, it is not after the manner of appellate courts to pass upon constitutional questions, even when properly presented, if there is also present some other ground upon which the case may be made to turn. *Newman v. Comrs.,* 208 N. C., 675; *Wood v. Braswell,* 192 N. C., 588, 135 S. E., 529. "It is not the habit of the Court to decide questions of a constitutional nature unless absolutely necessary to a decision of the case"—*Mr. Justice Peckham* in *Burton v. U. S.,* 196 U. S., 283. The rule is, that if a case can be decided on either of two grounds, one involving a constitutional question, the other a question of lesser moment, the latter alone will be decided. *Siler v. L. & N. R. R.,* 213 U. S., 175; *Light v. U. S.,* 220 U. S., 523.

An avenue of escape from the constitutional question is afforded by the theory upon which the case was predicated and tried. The proceeding rests upon the record in "Langdon, Admr., v. Parker," heard at the March Term, 1933, Johnston Superior Court, which resulted in verdict and judgment against the respondent, and his surety, in his capacity as executor. Indeed, in no other capacity would his surety have been liable.

In the present proceeding, upon the same record, it is sought to hold the respondent liable for breach of trust in his capacity as an attorney. The two verdicts are not alike. Not only is this so, but it also appears that all the matters and things complained of took place before the enactment of ch. 210, Public Laws 1933, which *eo nomine* repeals the prior subsisting statutes on the subject. For history of prior legislation, see *S. v. Johnson, supra.* The verdict and findings in the instant proceeding are not supported by the record. Respondent's motion for a directed verdict should have been allowed, and his exception to the refusal of the "Council" to grant his motion for judgment as of nonsuit should have been sustained.

The other matters, sought to be raised before the judge of the Superior Court were either not determined or continued without prejudice. *In re Stiers,* 204 N. C., 48, 167 S. E., 382; *Bar Association v. Strickland,* 200 N. C., 630, 156 S. E., 110. They are not now before us. Nor are we presently called upon to express any opinion upon their merits. *In re*

BANNER v. BUTTON CORPORATION.

*Shattuck,* 279 Pac. (Cal.), 998. On the hearing, the case was limited to a narrow compass. An appeal *ex necessitate* follows the theory of the trial. *Coral Gables v. Ayres,* 208 N. C., 426; *Weil v. Herring,* 207 N. C., 6, 175 S. E., 836; *Hargett v. Lee,* 206 N. C., 536, 174 S. E., 498; *Holland v. Dulin,* 206 N. C., 211, 173 S. E., 310.

The case then comes to a single question: Shall the respondent be disbarred by the statutory method? The answer is: Not on this record.

Reversed.

DEVIN, J., concurs in the result on the ground that the respondent could not be convicted and caused to suffer disbarment under chapter 210, Public Laws of 1933, for the offenses committed prior to the passage of the act.